| UNITED STATES DISTRICT COURT | **MEMORANDUM & ORDER** |
|---|---|
| EASTERN DISTRICT OF NEW YORK | 03 CR 1325 (DRH) |

-----------------------------------------------------------
X UNITED STATES OF AMERICA,

   -against

EMMANUEL HODGE,

-----------------------------------------------------------
X

**HURLEY, Senior District Judge:**

On April 14, 2004, defendant Emmanuel Hodge pled guilty before this Court to a charge of distribution and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). (Gov't Opp'n, Ex. A at 1.) On October 29, 2004, this Court sentenced defendant to a term of 151 months imprisonment, to be followed by three years of supervised release. (*Id.* at 2, 3.)

Presently before the Court is a motion by defendant seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). By Order dated July 13, 2010, the Court directed the government to show cause why the Court should not issue an amended judgment reducing the defendant's term of imprisonment. By letter dated September 2, 2010, the government filed a written response opposing any reduction of defendant's sentence. For the reasons set forth below, defendant's motion is denied.

*Background*

The Presentence Investigation Report ("PSR") set forth that defendant was held accountable for 14 grams of crack cocaine, 24 grams of marijuana, and 50 grams of powder

cocaine. (Gov't Opp'n, Ex. D at ¶ 4.) Pursuant to the Drug Equivalency Tables contained in the November 1, 2003 Guidelines, which were in effect at that time, one gram of cocaine base was equivalent to 20 kilograms of marijuana and one gram of powder cocaine was equivalent to 200 grams of marijuana. (*See id.*) Thus, defendant was held accountable for 290,024 grams of marijuana, which resulted in a base offense level of 26. (*See id.* ¶ 7.) Two levels were added pursuant to Guideline § 2D1.1(c)(7) stemming from defendant's possession of a loaded firearm and spare magazine at the time of his arrest, which brought the adjusted offense level to 28. (*See id.* ¶ 8.)

Defendant's offense level was then raised to 32 based upon his classification as a "career offender" pursuant to Guideline § 4B1.1(b)(C). (*See id.* ¶ 12.) Pursuant to the PSR, defendant received a two-level reduction for acceptance of responsibility pursuant to Guideline § 3E1.1(a), thereby reducing his total offense level to 30. (*See id.* ¶¶ 13, 14.) Initially, the government did not intend to move for an additional one-level reduction pursuant to Guideline § 3E1.1(b) because defendant's plea took place almost one year after his arrest. (*Id.* ¶ 6.) In defendant's plea agreement, however, the government agreed to move for the additional one-level reduction if defendant pled guilty on or before April 23, 2004. (*See* Gov't Opp'n, Ex. E ¶ 2.)

At sentencing, the Court adopted the PSR and Guidelines Applications with one adjustment: the Court reduced defendant's base offense level by three points for acceptance of responsibility, based upon Guideline § 3E1.1(a) and the plea agreement. (*See* Gov't Opp'n, Ex. B at 1.) Thus, the Court determined that defendant's total offense level was 29 and, applying a Criminal History Category of VI, the Guidelines imprisonment range was 151-181 months. (*See id.*) As noted above, defendant was ultimately sentenced to 151 months incarceration to be

followed by a term of three years supervised release. (Gov't Opp'n, Ex. A at 2, 3.)

*The Parties' Contentions*

Defendant asserts that, by virtue of Amendments 706 and 713 to the Guidelines (collectively, the "crack cocaine amendments"),[1] he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Specifically, Defendant asserts that he was sentenced to a term of imprisonment pursuant to a sentencing range that has been lowered by the crack cocaine amendments. Defendant further contends that because the crack cocaine amendments apply retroactively, his term of imprisonment may be reduced accordingly. (*See* Petition at 2.) The government acknowledges that the crack cocaine amendments result in a two-level reduction of defendant's base offense level from a level 26 to a level 24. The government argues, however, that "because the defendant's offense level was increased to a level 32 based on his status as a career offender, the defendant's total offense level of 29 remains exactly what it was at the time of sentencing." (Gov't Opp'n at 3.) Thus, according to the government, defendant may not receive any reduction in sentencing pursuant to the crack cocaine amendments. (*See id.*)

*Legal Standard*

    *1.    The Crack Cocaine Amendments*

Effective November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which modified the Drug Quantity Table set forth in Guideline § 2D1.1(c) and implemented a two-level reduction of the base offense levels for crack-cocaine offenses. In

---

[1] See U.S.S.G. App. C. Amend. 706 (effective Nov. 1, 2007); U.S.S.G. App. C. Amend. 713 (effective Mar. 3, 2008).

March 2008, Amendment 713 was enacted and, by its terms, added Amendment 706 to the list of amendments set forth in Guideline § 1B1.109(c) that could be applied retroactively as of March 3, 2008. *See United States v. Martinez*, 572 F.3d 82, 83 n.1 (2d Cir. 2009).

        2.        *Modification of a Term of Imprisonment*

"A district court may not generally modify a term of imprisonment once it has been imposed." *Martinez*, 572 F.3d at 84 (internal quotation marks omitted) (quoting *Cortorreal v. United States*, 486 F.3d 742, 744 92d Cir. 2007)). However, Section 3582(c)(2) permits the court, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . to reduce the term of imprisonment, after considering the factors set forth in Section 3553(a)." 18 U.S.C. § 3582(c)(2). Accordingly, a sentence reduction pursuant to Section 3582(c)(2) is appropriate only when "(a) the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (b) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Martinez*, 572 F.3d at 84 (quoting 18 U.S.C. § 3582(c)(2)).

## DISCUSSION

**I.**      *Defendant was Sentenced as a Career Offender*

To determine "which Guidelines a defendant's sentence is 'based on'" within the meaning of Section 3582(c)(2), the Court must "look only to the end result of the overall calculus," and "not the series of tentative results reached at various interim steps in the performance of that calculus." *Martinez*, 572 F.3d at 84 (internal quotation marks omitted)

(adopting rationale set forth in *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009)).  Here, the Court finds that although defendant's sentencing range was initially calcuated under § 2D1.1, his status as a career offender was the determining factor in the calculation of his sentencing range pursuant to § 4B1.1.  (*See* Gov't Opp'n, Ex. E (defendant's plea agreement, which contains his stipulation to the application of § 4B1.1.)  The Second Circuit has explained that "once a mandatory minimum subsuming and displacing an otherwise applicable guideline range applies, a defendant's sentence is no longer based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *See Martinez*, 572 F.3d at 85 (internal quotation marks omitted) (quoting *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009)).  Thus, defendant's "career offender designation and § 4B1.1 'subsumed and displaced' § 2D1.1, the otherwise applicable range."  *See id.* (quoting *Williams*, 551 F.3d at 185).

It is well-settled that when a defendant is convicted of crack cocaine offenses, but is sentenced under the career offender guideline set forth in § 4B1.1, that defendant has not been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and is therefore not eligible for a sentence reduction pursuant to Section 3582(c)(2).  *See United States v. Colon*, 2010 WL 4910134, at *2 (2d Cir. Dec. 3, 2010); *United States v. Mock*, 612 F.3d 133, 135 (2d Cir. 2010); *Martinez*, 572 F.3d at 85.

**II.    *Defendant's Alternative Arguments are not Appropriately Considered on the Current Motion***

Defendant also asserts the following alternative arguments in support of his motion to reduce his sentence pursuant to Section 3582(c)(2): (1) the Guidelines reflect an unlawful discrepancy between offenses involving cocaine base and powder cocaine; (2) defendant was incorrectly designated as a career offender; and (3) the government failed to prove during trial

5

that the substance found in defendant's possess was, in fact, cocaine base. (*See* Petition at 3-8, 910, 15-19.) Defendant's arguments, however, "misapprehend the scope of the district court's authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2)." *Mock*, 612 F.3d at 134. Section 3582(c)(2) confers courts with a limited authority to adjust a defendant's sentence and "does not authorize a sentencing or resentencing proceeding." *Dillon v. United States*, __ U.S. __, 130 S.Ct. 2683, 2690 (2010). Thus, "a defendant may not seek to attribute error to the original, otherwise-final sentence in a motion under that provision." *Mock*, 612 F.3d at 137. The Court finds that defendant's alternative arguments go beyond the scope of what may properly be considered "in the context of a motion made pursuant to 18 U.S.C. § 3582(c)(2)." *See id.* at 138.

## *CONCLUSION*

For the reasons set forth above, defendant's motion is denied. The Clerk of the Court is respectfully directed to serve defendant with a copy of this Memorandum & Order.

**SO ORDERED.**

Dated:   Central Islip, New York
            July 19, 2011
 /s/                                           Denis
R. Hurley United States District Judge